UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

CLOVIS LLOYD JOHNSON,
Petitioner,

v.

WARDEN DAVID STRANGE, et al.,
Respondents.

2005 OCT 19  A 11: 11

U.S. DISTRICT COURT
BRIDGEPORT, CONN

CIVIL ACTION NO.
3:04 cv 1255 (SRU)

## TRANSFER ORDER PURSUANT TO REAL ID ACT

On April 21, 2005, Clovis Lloyd Johnson (A 29 041 079), an inmate in the custody of the State of Connecticut, filed an amended petition for a writ of habeas corpus, challenging an immigration judge's removal order. The Respondents filed a brief in response, setting force several arguments in opposition to Johnson's petition, including the applicability of Public Law 109-13, Division B ("the REAL ID Act of 2005") and its requirement that the court transfer the case to the Court of Appeals for the First Circuit.[1] Johnson filed a reply brief, but he did not address the applicability of the REAL ID Act.

The REAL ID Act of 2005 amended portions of section 242 of the Immigration and Naturalization Act, 8 U.S.C. § 1252. That section sets forth the scope of judicial review of removal orders, eliminating habeas corpus review of removal orders. Pursuant to the REAL ID Act, a petition for review filed with an appropriate court of appeals is the sole and exclusive means for judicial review of an order of removal. Pub. L. No. 109-13, § 106(a)(1)(B), 119 Stat. 231, 310-11 (May 11, 2005) (amending 8 U.S.C. § 1252).

Section 106(c) of the REAL ID Act requires a district court to transfer to the appropriate

---

[1] Because the proceedings of the immigration judge were completed in Boston, venue is proper in the Court of Appeals for the First Circuit.

court of appeals any case (or that part of the case that challenges the order of removal, deportation, or exclusion) pending in the district court on May 11, 2005. *Id.* at § 106(c).

I have reviewed the petition and the parties' briefs. Because Johnson seeks review of an order of removal and his case was pending on May 11, 2005, the case is appropriate for transfer under the REAL ID Act.

The petition is hereby treated as a petition for review and is TRANSFERRED to the First Circuit Court of Appeals. Johnson's removal or deportation is hereby STAYED pending further order from the Court of Appeals.

It is so ordered.

Dated at Bridgeport, Connecticut, this /8th day of October 2005.

　　　　　　　　　　　　　　　　　　　　　　　　Stefan R. Underhill
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge